TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00247-CR







Jerry Valdonado, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF KARNES COUNTY, 218TH JUDICIAL DISTRICT


NO. 98-06-00068-CRK, HONORABLE OLIN B. STRAUSS, JUDGE PRESIDING







A jury found appellant Jerry Valdonado guilty of aggravated sexual assault of a
child. See Tex. Penal Code Ann. § 22.021(a)(1)(B)(i), (2)(B) (West Supp. 1999). The district
court assessed punishment, enhanced by a previous felony conviction, at imprisonment for sixty
years. Appellant contends the evidence is legally and factually insufficient to sustain the
conviction. We will overrule these contentions and affirm.

Appellant lived with Mary Salinas and several of her children on a farm outside
Karnes City. One of the children, six-year-old C.R., testified that one morning when her mother
was not at home appellant took her with him on the tractor into the field beside their house. 
Appellant removed C.R.'s clothes and licked her "private part." After this, appellant removed
his pants and placed his "private part" in C.R.'s mouth. Something "like water" came out of his
private part. 

Julie Antiaga, C.R.'s seventeen-year-old sister-in-law, was the only other person
in the house that morning. She saw appellant take C.R. with him into the field on the tractor. 
They were gone about one hour. C.R. had a cut on her head when she returned from the field,
and she seemed quieter than normal. When Salinas returned home later that morning, Antiaga
told her what she had seen. Suspicious, Salinas asked C.R. if appellant had touched or kissed her. 
C.R. then told her mother what had happened. Salinas confronted appellant, then called the
police.

James Moore, a child protective services investigator, testified that he interviewed
C.R. after the incident was reported. C.R. told him that appellant licked her vagina. During the
same interview, however, C.R. also denied touching appellant or appellant touching her. Moore
referred C.R. to a doctor for a physical examination. The doctor found no evidence of sexual
abuse. Moore acknowledged during cross-examination that it was possible that C.R.'s accusation
against appellant was the result of suggestion by her mother.

Appellant testified that he became extremely intoxicated the night before the alleged
offense, and that he could not remember any of the events of the following morning. 
Nevertheless, appellant denied committing the acts of which he was accused. The defense also
produced evidence that Salinas endorsed appellant's name to an income tax refund check following
his arrest.

Appellant's challenge to the legal sufficiency of the evidence is, in essence, an
attack on the credibility of the complaining witness. The jury, however, is the exclusive judge
of the credibility of the witnesses and the weight to give their testimony. See Castellano v. State,
810 S.W.2d 800, 807 (Tex. App.--Austin 1991, no pet.); Tex. Code Crim. Proc. Ann. art. 38.04
(West 1979). In determining the legal sufficiency of the evidence to support a criminal
conviction, we must view the evidence in the light most favorable to the verdict and ask only if
a rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. See Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex.
Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). Applying this
standard of review to the evidence before us, we conclude that it is legally sufficient to sustain the
jury's verdict.

When conducting a factual sufficiency review, the evidence is not viewed in the
light most favorable to the verdict. Instead, all the evidence is considered equally, including the
testimony of defense witnesses and the existence of alternative hypotheses. Orona v. State, 836
S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). A verdict will be set aside for factual
insufficiency only if it is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State,
823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed). 

Appellant argues that the evidence supports the hypothesis that Salinas induced
C.R. to make the accusation against him. He suggests that Salinas was motivated by the desire
to obtain the tax refund money. While this possibility is not foreclosed by the evidence, we are
not free to reweigh the evidence and set aside a verdict merely because we feel that a different
result is more reasonable. Clewis, 922 S.W.2d at 135; Reina v. State, 940 S.W.2d 770, 773
(Tex. App.--Austin 1997, pet. ref'd). We must maintain appropriate deference to the jury's verdict
by finding error only when the verdict is so against the great weight of the evidence as to be
clearly wrong and unjust. Reina, 940 S.W.2d at 773. Considering all the evidence before us, we
conclude that the guilty verdict is not so contrary to the great weight of the evidence as to be
clearly wrong or unjust. 

The point of error is overruled and the judgment of conviction is affirmed.



 

 Jan P. Patterson, Justice

Before Justices Jones, Kidd and Patterson

Affirmed 

Filed: October 21, 1999

Do Not Publish



ake C.R. with him into the field on the tractor. 
They were gone about one hour. C.R. had a cut on her head when she returned from the field,
and she seemed quieter than normal. When Salinas returned home later that morning, Antiaga
told her what she had seen. Suspicious, Salinas asked C.R. if appellant had touched or kissed her. 
C.R. then told her mother what had happened. Salinas confronted appellant, then called the
police.

James Moore, a child protective services investigator, testified that he interviewed
C.R. after the incident was reported. C.R. told him that appellant licked her vagina. During the
same interview, however, C.R. also denied touching appellant or appellant touching her. Moore
referred C.R. to a doctor for a physical examination. The doctor found no evidence of sexual
abuse. Moore acknowledged during cross-examination that it was possible that C.R.'s accusation
against appellant was the result of suggestion by her mother.

Appellant testified that he became extremely intoxicated the night before the alleged
offense, and that he could not remember any of the events of the following morning. 
Nevertheless, appellant denied committing the acts of which he was accused. The defense also
produced evidence that Salinas endorsed appellant's name to an income tax refund check following
his arrest.

Appellant's challenge to the legal sufficiency of the evidence is, in essence, an
attack on the credibility of the complaining witness. The jury, however, is the exclusive judge
of the credibility of the witnesses and the weight to give their testimony. See Castellano v. State,
810 S.W.2d 800, 807 (Tex. App.--Austin 1991, no pet.); Tex. Code Crim. Proc. Ann. art. 38.04
(West 1979). In determining the legal sufficiency of the evidence to support a criminal
conviction, we must view the evidence in the light most favorable to the verdict and ask only if
a rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. See Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex.
Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). Applying this
standard of review to the evidence before us, we conclude that it is legally sufficient to sustain the
jury's verdict.

When conducting